[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Howard Wright, a 43 year old postal clerk, claims he was injured when he slipped on an outside stairway and bumped his head on January 11, 1997. He has sued the defendant Charles Flanagan, who owns and controls the premises, an apartment building in which the plaintiff's father resided. The plaintiff has alleged that there was an accumulation of snow on the steps that caused his fall. The defendant has denied all of the plaintiff's allegations. Remarkably, the defendant has not asserted comparative negligence as a special defense.
The matter was tried to the court on July 10, 1998. The court finds that the plaintiff has sustained his burden of showing that the defendant was negligent. The court finds from the evidence that there had been snow the night before and that it was not snowing the next morning. By the time the plaintiff arrived to visit his father, it was mid-morning. There was still snow on the steps which caused the plaintiff to slip and fall. A sufficient time had existed since the cessation of the snow fall to allow the defendant to attend to the proper maintenance of the steps.
Since the defendant has failed to allege any negligence of the plaintiff, the court will not consider whether there was any conduct of the plaintiff which contributed to his fall and to his injuries.
The plaintiff fell forward and bumped his head. He nonetheless assisted his ailing father outside, down the same set of stairs, and into a car. He drove his father to a medical appointment without incident and then drove home. The plaintiff felt some dizziness and pain. CT Page 8449
The plaintiff visited his regular physician on Monday, January 13, 1997. The doctor prescribed an analgesic and rest. The next day the plaintiff consulted his attorney, who referred him to a neurologist. The plaintiff consulted with the neurologist the same day. After an examination and some expensive diagnostic tests, the neurologist prescribed course of aquatic therapy, which the plaintiff, after a time, felt was not beneficial. The plaintiff then asked for a referral to a chiropractor. The defendant received the referral and attended about forty sessions with a chiropractic group. The plaintiff felt this treatment was helpful. He still complains of headaches and back pains. He says his neck causes him no lingering problems at present.
The plaintiff has offered evidence that he suffers from a permanent partial disability of the cervical spine and the lumbar spine. He asks the court to compensate him for his expenses for medical treatment, chiropractic treatment, and physical therapy; for lost wages; and for his permanent partial disability, and pain and suffering. He asks for economic damages of $6,183 and non-economic damages of $43,817, for a total of $50,000.
The court concludes that the plaintiff has not proven that any disability he has was the result of his fall, or indeed that the fall caused any lasting injuries. As evidence of causation of serious and lasting injuries from his fall, the plaintiff has presented, in addition to his own testimony, reports prepared by his neurologist, who noted an opinion of causation "by history". (Exhibit G.) In fact, the reports of his neurologic and chiropractic treatment fail to note that the plaintiff had five automobile accidents in which he hurt his back and neck in the years before this fall. Also he was out of work for two months on workers compensation for a back injury at some point in the 1980s. The plaintiff's testimony on the witness stand that he does not "recall" if any of these accidents resulted in permanent injuries is, to put it mildly, disingenuous.
The plaintiff, credible on the circumstances of the fall, is not credible on its aftermath. The court finds it more probable than not that he suffered a moderate amount of discomfort for a few days after the fall for which he is entitled to compensation. He has failed in his burden to show by the same standard that, beyond a few days, any of the treatment was reasonably necessary for what happened to him, or that he suffers from any disability CT Page 8450 related to this incident.
The court awards damages as follows:
Economic damages (for three days lost wages and the initial consultation with his regular doctor): $474
Non-economic damages (for pain and suffering): $450
Total damages: $924
Judgment for the plaintiff shall enter accordingly. The parties shall promptly schedule any hearing on collateral source issues with the courtroom clerk of the undersigned.
Patty Jenkins Pittman, J.